IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK WIATER and | ) | Docket          Page |
| DELINA WIATER, husband | ) | |
| and wife. | ) | |
| | ) | **COMPLAINT, JURY DEMAND AND** |
| Plaintiffs, | ) | **DESIGNATION OF** |
| | ) | **PLACE OF TRIAL** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | | |

Frank Wiater and Delina Wiater, Plaintiffs in the above-captioned matter, by and through their counsel of record, for their cause of action against Defendant, states, alleges and avers:

1.

Frank Wiater and Delina Wiater ("WIATER") are residents of Omaha, Douglas County, Nebraska.

2.

Defendant United States of America ("UNITED STATES") is, and at all times herein mentioned was, the operator of the Omaha Veterans Administration Medical Center ("VAMC") in the State of Nebraska, which held itself out to be duly licensed as such and to have the skills, ability, expertise, and learning of similar medical centers. The VAMC is a hospital located in Omaha, Douglas County, Nebraska. At all relevant times employed primary care physicians that were agents of the VAMC and UNITED STATES, acting in the course and scope of their

1

employment at all times set forth herein.

3.

Defendant UNITED STATES is the proper party defendant pursuant to the Federal Tort Claims Act, Title 28, United States Code, Sections 1346(b) and 2671-2680, which provides that a tort claim which is administratively denied may be presented to a Federal District Court for judicial consideration. The tort claim was timely presented within two years after the claim accrued, was signed by the plaintiff, and specified a demand in the amount of one million seven hundred fifty thousand dollars ($1,750,000.00). This complaint is timely filed within 6 months after the date of the mailing of the notice of the final denial (28 U.S.C. § 2401(b)). The notice of final denial is dated June 1, 2011. The events of this case occurred in Omaha, Douglas County, Nebraska; as such, venue and jurisdiction are proper in this Court.

4.

Plaintiff WIATER entered into a physician-patient relationship with UNITED STATES vis-à-vis VAMC on or before March 3, 2009, wherein he was treated for penile discharge. VAMC acted as the hospital providing medical care for WIATER through its physicians. WIATER underwent partial penectomy on December 11, 2009. An employee physician of the Defendant UNITED STATES, while acting within the scope of her employment, failed to timely diagnose invasive squamous cell carcinoma. During the delay, WIATER'S neoplastic process grew, resulting in further injury. When the correct diagnosis of possible cancerous lesion around the urethral meatus was made on November 19, 2009, thereafter employee physicians of the

2

Defendant UNITED STATES failed to provide alternatives to the scheduled partial penectomy.

5.

Defendant UNITED STATES negligently acted or omitted to act in obtaining an adequate informed consent allowing the partial penectomy to be performed. That under similar circumstances, a reasonably physician, in this community or similar communities, would have obtained express consent from the patient to consider less drastic medical treatment than partial penectomy. A reasonably prudent person in the plaintiff's position would not have allowed a surgeon to perform a partial penectomy had he been properly informed of the reasonably available medical treatments as an alternative to partial penectomy. The lack of informed consent was a proximate cause of bodily injury to the plaintiff.

6.

Defendant UNITED STATES failed to follow a reasonable standard of care in the medical treatment which its employees provided for WIATER from March 3, 2009 through December 11, 2009.

7.

As a direct and proximate result of the negligent acts and omissions of UNITED STATES, FRANK WIATER has suffered damages as follows:

    a.    conscious physical pain

    b.    mental anguish - continuing

    c.    advanced penile cancer

      d.     unnecessary penectomy

As a direct and proximate result of the negligent acts and omissions of UNITED STATES, DELINA WIATER has suffered damages as follows:

      a.  Loss of consortium

WHEREFORE, Plaintiffs prays for judgment against Defendant, as follows:

1. For compensatory damages in an amount exceeding $75,000, in an amount to be proven at trial;

2. For post-judgment interest at the maximum legal rate;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court deems just and proper.

4

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that this matter be tried to a Magistrate Judge in Omaha, Douglas County, Nebraska.

FRANK WIATER and DELINA WIATER,

Husband and Wife, Plaintiffs,

By: _____

John F. Carroll          NSBA #23811
Steve Watson          NSBA #16075
WATSON & CARROLL, P.C., L.L.O.
160 Centre Place
2809 S. 160th Street, Suite 409
Ph: 402.991.2100
Fx: 402.991.2110
john@watsoncarroll.com
steve@watsoncarroll.com

Steven H. Howard
DOWD HOWARD & CORRIGAN
1411 Harney St., Suite 100
Omaha, NE 68102

5