IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK WIATER and DELINA WIATER, husband and wife, | ) ) ) | CASE NO. 8:11CV290 |
| Plaintiffs, | ) ) ) | MEMORANDUM |
| v. | ) ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss Plaintiff Delina Wiater's Claim for Loss of Consortium (Filing No. 31) filed by the Defendant under Federal Rule of Civil Procedure 12(b)(1).  For the reasons discussed below, the Motion to Dismiss will be granted.

## FACTUAL BACKGROUND

For purposes of the present Motion, the Court accepts the allegations contained in the Amended Complaint (Filing No. 2) as true, and supplements those allegations with the evidence the Defendant has submitted in support of its Motion to Dismiss for lack of subject matter jurisdiction.  *See Johnson v. United States*, 534 F.3d 958, 962, 964 (8th Cir. 2008).

Plaintiffs Frank Wiater and Delina Wiater are residents of Omaha, Nebraska.  The Defendant was at all relevant times the operator of the Omaha Veterans Administration Medical Center ("VAMC"), located in Omaha, Nebraska.  VAMC employed physicians that acted on behalf of VAMC and the Defendant.

Mr. Wiater became a patient of VAMC, and thereby entered into a physician-patient relationship with the Defendant, on or about March 3, 2009, so that he could be treated

for penile discharge.  One of VMAC's physicians failed to timely diagnose Mr. Wiater with invasive squamous cell carcinoma, and the delay in diagnosis caused further injury to Mr. Wiater.  After the correct diagnosis was made, physicians concluded that a partial amputation of Mr. Wiater's penis ("penectomy") was needed.  No alternatives to the penectomy were discussed with Mr. Wiater.  On December 11, 2009, the penectomy was performed after Mr. Wiater gave his consent.

The Wiaters allege that the Defendant acted negligently when treating Mr. Wiater by failing to timely diagnose his invasive squamous cell carcinoma and by failing to inform him of less drastic, alternative treatment options.  The Wiaters contend that this negligence caused Mr. Wiater to incur damages, and caused Mrs. Wiater to be deprived of his companionship, services, and consortium.

On or about December 27, 2010, Mr. Wiater filed his negligence claim with the Department of Veterans Affairs ("DVA").  (Filing No. 32-1 at ¶ 5, Decl. of James C. Klein.) The DVA denied Mr. Wiater's claim on June 1, 2011, and sent him a letter to notify him that his claim had been denied. (*Id.* at ¶ 6.)  On or about December 12, 2011, Mrs. Wiater filed her loss-of-consortium claim with the DVA.  (*Id.* at ¶ 7.)  Mrs. Wiater's claim with the DVA remains pending with the DVA.  (*Id.*, at ¶ 8.)

The Wiaters filed their Amended Complaint on August 25, 2011 (Filing No. 2), invoking this Court's jurisdiction under the Federal Tort Claims Act ("FTCA").  *See* 28

U.S.C. § 1346(b).[1]  The Defendant contends that Mrs. Wiater's claims should be dismissed as premature because the DVA has not finally denied her claim.

## STANDARD OF REVIEW

### I.  Rule 12(b)(1)

A motion under Federal Rule of Civil Procedure 12(b)(1) "challenges whether the [Court] has subject matter jurisdiction to hear the matter." *Johnson*, 534 F.3d at 964.  The party asserting jurisdiction bears the burden of proving that jurisdiction is proper.  *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).  The Court, however, has "'wide discretion'" to decide the process with which its jurisdiction can best be determined.  *Johnson*, 534 F.3d at 964 (quoting *Holt*, 46 F.3d at 1003).  It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (stating that "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts").

---

[1]
>  [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

3

## II. FTCA

"[C]ompliance with [28 U.S.C.] § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (citing *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009); *Lunsford v. United States*, 570 F.2d 221, 224 (8th Cir. 1977)); *see also Armstron v. Astrue*, 569 F. Supp. 2d 888, 898 (D. Minn. 2008) (citing *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993), *cert. denied*, 510 U.S. 1109 (1994)) ("To bring a claim under the FTCA, a party must fully comply with all of the conditions and requirements prescribed by the Act."). Section 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

## DISCUSSION

Mrs. Wiater submitted her loss-of-consortium claim to the DVA on or about December 12, 2011. The DVA has not finally denied Mrs. Wiater's claim in writing. Mrs. Wiater filed her administrative claim less than six months ago, and Mr. Wiater's administrative claim, which the DVA denied in writing, does not list Mrs. Wiater as a claimant. As a result, this Court lacks jurisdiction over Mrs. Wiater's loss-of-consortium claim brought under the FTCA.

4

Mrs. Wiater concedes that dismissal of her loss of consortium claim is appropriate, but requests that it be dismissed without prejudice to refiling.  On those terms, the Wiaters join in the Defendant's Motion to dismiss Mrs. Wiater as a party.  The Defendant does not oppose the dismissal of Mrs. Wiater's claim without prejudice so long as it does not waive any rights or affirmative defenses to any future claims or amendments.  Accordingly,

IT IS ORDERED:

1. The Defendant's Motion to Dismiss Plaintiff Delina Wiater's Claim for Loss of Consortium (Filing No. 31) is granted, as follows:

    Plaintiff Delina Wiater's claim for loss of consortium (Filing No. 2, ¶¶ 36-38) is dismissed without prejudice; and

2. The Clerk is instructed to remove Plaintiff Delina Wiater from the case caption.

DATED this 13th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

5